UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MORGAN & MORGAN LAND PREPARATION, LLC** | **CIVIL DOCKET NO. 6:25-cv-01590** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ED'S EQUIPMENT, INC.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

Before the Court is a MOTION TO DISMISS FOR *FORUM NON CONVENIENS* (the "Motion") filed by Defendant Ed's Equipment, Inc. ("Defendant"). [Doc. 8]. The Motion is opposed by Plaintiff Morgan & Morgan Land Preparation, LLC ("Morgan"). [Doc. 13]. For the following reasons, Defendant's Motion is DENIED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises out of the transportation and damage of a large piece of recycling equipment that Morgan contracted to purchase from the Defendant. The material facts are not disputed. Morgan is a Louisiana-based LLC that performs land clearing and site preparation work. Defendant is an Ohio corporation that sells and services "Diamond Z" wood grinding machinery. On July 13, 2023, Morgan agreed to purchase a 2017 Diamond Z 6000TKT-10 Track Mounted Horizontal Grinder (the "Grinder") from Defendant. The invoice included delivery to St. Landry Parish and stated that the Grinder would be fully serviced and ready to work.[1]

---

[1] Morgan financed the purchase through Northland Capital. Morgan paid a $100,000 down payment, and Northland paid $600,000 to Defendant. Morgan has continued to pay principal and interest on the financed $500,000. [Doc. 1, ¶ 10 & Exhibit A].

Given its size, the Grinder was required to be transported via a pre-determined route in order to ensure that it would not hit any overpasses or be damaged during transport. In the Motion, Defendant argues that it contracted with TransVega Logistics, Inc. ("TransVega") to safely transport the Grinder from New Jersey to Morgan in St. Landry Parish, Louisiana, for a fee of $25,000. Defendant contends that TransVega was obligated to purchase insurance covering any damages to the Grinder during transport and was required to name Defendant as a named insured on the policy. TransVega, in turn, contracted with JB Harris Logistics, LLC., which in turn, contracted with CGA Wheels, LLC ("CGA"), to ensure the safe transport of the Grinder.

Defendant contends that the CGA driver of the transport vehicle failed to follow the pre-determined safe route and abandoned the pole car that drove ahead to ensure that the Grinder would not hit any bridges. Defendant further argues that on or about August 11, 2023, the CGA transporter struck two overpass/bridge decks and did not stop to report the incidents to local authorities or to Defendant. As a result, when the Grinder arrived in Louisiana on August 14, 2025, it was badly damaged and inoperable, and Morgan refused acceptance. Defendant contends that it provided Morgan with a temporary replacement grinder,[2] which was of better or equal quality and had a larger capacity than the original Grinder.

---

[2] Morgan acknowledges that Defendant provided a temporary wheel-mounted grinder but argues that its work mostly requires a track-mounted grinder. [Doc. 1, ¶ 13].

On August 11, 2025, Defendant filed a Complaint for Declaratory Judgment, Breach of Contract, and Bad Faith in the Court of Common Pleas, Cuyahoga County, Ohio, seeking a judgment from that court declaring Defendant's coverage rights under two policies of insurance written by Cincinnati Insurance Company ("Cincinnati") and Certain Underwriters at Lloyd's d/b/a QBE Insurance Corporation ("QBE") (collectively the "Insurer Defendants"). In the state court litigation, Defendant also asserts breach of contract and negligence claims against TransVega for the damages caused by its driver. On the same date, Cincinnati filed a lawsuit against Progressive Mountain Insurance Company and CGA, also in the Court of Common Pleas, Cuyahoga County, Ohio, seeking subrogation for sums it paid to Defendant as a result of the incident. These two cases were consolidated on October 8, 2025 (the "Ohio litigation").

On October 23, 2025, Morgan filed the instant lawsuit against Defendant, asserting claims for breach of contract, detrimental reliance, and unjust enrichment and seeking damages for Defendant's failure to deliver the Grinder it purchased, the inadequacy of the temporary grinder with which it was provided, and approximately $250,000 it paid to keep the temporary grinder functional. In its Answer, Defendant admits that the Grinder was delivered to Morgan in a damaged condition. [Doc. 6, ¶ 11].

In the instant Motion, Defendant urges dismissal of this action on grounds of forum non conveniens, arguing that the Ohio state court where the consolidated cases are pending is a more convenient and appropriate forum for all litigation related to

the incident involving the Grinder. Morgan opposes the Motion on grounds it is not a party to, and has no interest in, the Ohio litigation, which involves tangentially-related third-party insurance coverage and transport disputes, and that this district is more appropriate given the damages to a Louisiana company.

All issues having been fully briefed by the parties, the Motion is ripe for review.

## LAW AND ANALYSIS

### I. Legal Standard

A federal court sitting in diversity applies the federal law of forum non conveniens in deciding a motion to dismiss in favor of a foreign forum. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 793–94 (5th Cir. 2007), *citing In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1159 (5th Cir.1987) (*en banc*), *vacated on other grounds sub. nom., Pan Am. World Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400 (1989), *reinstated except as to damages by In re Air Crash Disaster Near New Orleans, La.,* 883 F.2d 17 (5th Cir.1989) (*en banc*); *see also De Aguilar v. Boeing Co.,* 11 F.3d 55, 59 (5th Cir.1993).

A court may decline to exercise jurisdiction pursuant to the doctrine of forum non conveniens only "in exceptional circumstances." *Ganpat v. E. Pac. Shipping, PTE. LTD*, 581 F. Supp. 3d 773, 779 (E.D. La. 2022), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S. Ct. 839, 91 L. Ed. 1055 (1947), *superseded on other grounds*, *Am. Dredging Co. v. Miller*, 510 U.S. 443, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994). The Supreme Court has instructed that "[a] defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum,"

and that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *See Sinochem*, 549 U.S. at 430; *Gulf Oil*, 330 U.S. at 508. District courts possess considerable discretion in determining whether to dismiss a case on forum non conveniens grounds. *O'Keefe v. Noble Drilling Corp.*, 347 F. App'x 27, 30 (5th Cir. 2009).

In the exercise of its discretion, district courts employ the framework set forth by the Fifth Circuit in *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400 (1989), *reinstated except as to damages by In re Air Crash Disaster Near New Orleans, La.*, 883 F.2d 17 (5th Cir. 1989) (en banc). This framework involves a four-step analysis in which the defendant bears the burden of persuasion on all elements. *Id.* at 1164-66. The four steps of the analysis are: (1) determining whether an alternative forum is available; (2) determining whether the alternative forum identified in step one is adequate; (3) considering the "relevant factors of private interest, weighing in the balance the relevant deference given the particular plaintiff's initial choice of forum[;]" and (4) weighing the relevant public interest, if the private interests are either nearly in balance or do not favor dismissal. *Id.* at 1165-66.[3]

---

[3]    The Supreme Court distinguishes between dismissal for forum non conveniens — which remains the mechanism for transfers to nonfederal forums, such as foreign or state courts — and transfers between federal courts under 28 U.S.C. § 1404(a). *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). *See also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1190–91, 167 L. Ed. 2d 15 (2007) (the common-law doctrine of forum non conveniens "has continuing application [in federal courts] only in cases where the alternative forum is abroad" ... and perhaps in rare instances where a state or territorial court serves

## II. Analysis

### A. Is an adequate forum available?

In deciding whether to dismiss a case for forum non conveniens, the district court must first determine whether an adequate alternative forum is available. *O'Keefe v. Noble Drilling Corp.*, 347 F. App'x 27, 31 (5th Cir. 2009), *citing In re: Air Crash*, 821 F.2d at 1165. Whether an adequate alternative forum is available is a two-part inquiry: (i) a foreign forum is available "when the entire case and all parties can come within the jurisdiction of that forum[;]" and (ii) a foreign forum is adequate "when the parties will not be deprived of all remedies or treated unfairly ... even though they may not enjoy the same benefits as they might receive in an American court." *In re: Air Crash*, 821 F.2d at 1165. If the district court finds an alternative forum is both adequate and available, it must then weigh various private interest factors, starting with the timeliness of the motion.

This inquiry developed in cases involving dismissal in favor of a foreign tribunal, where there is a genuine risk that the plaintiff could be left without a viable forum. *See, e.g., Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993) ("A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court."), *citing In re Air Crash Disaster*, 821 F.2d at 1165, *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 70 L. Ed.

---

litigational convenience best ... [f]or the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action").

2d 419 (1981). Here, the Defendant has not demonstrated that the Ohio state court is an available and adequate forum for Morgan's claims. Rather, Defendants' argument is largely conclusory, is based on the fact that related proceedings are pending, and fails to show that Morgan's claims can be joined or otherwise adjudicated there. But the Court need not definitively resolve this issue given the private and public interest factors at play.

### B. Private Interest Factors

Under well-established jurisprudence, the Court must consider the following private interest factors: (i) timeliness of the motion to dismiss; (ii) relative ease of access to sources of proof; (iii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iv) possibility of view of premises, if view would be appropriate to the action; (v) all other practical problems that make trial of a case easy, expeditious and inexpensive; and (vi) enforceability of a judgment if one is obtained. *Ganpat*, 581 F. Supp. 3d at 781, *citing In re: Air Crash,* 821 F.2d at 1165. In evaluating the private interest factors, the district court should also weigh the relevant deference given to the plaintiff's initial choice of forum. *Id.*

Defendant's argument that Ohio is a more convenient forum because the Grinder is located there is unpersuasive. The condition of the Grinder upon delivery in Louisiana is undisputed and may be established through photographs and the testimony of Louisiana witnesses, including Morgan employees and representatives

of the St. Landry Parish Sheriff's Office, which documented the damage.[4] Conversely, all of Morgan's witnesses and evidence are in Louisiana. Defendant also argues that its employees will be needed to give testimony on the contract between Morgan and Defendant, but the terms of that agreement are not disputed in this case.[5] Thus, the relative ease of access to proof and witness convenience favor this District. Finally, to the extent that any of the Defendant's employees or other transport-chain evidence are located outside of Louisiana, this fact does not overcome the strong presumption in favor of Morgan's chosen forum, where core events, rejection of the Grinder, and claimed losses are centered. In all, the Court concludes that the private interest factors favor this district.

### C. Public Interest Factors

Next, the district court must weigh several public interest factors, including: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having the trial of a case in a forum that is familiar with the law that governs the action; (iv) the avoidance of unnecessary problems and conflicts of law, or an application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty. *Ganpat*, 581 F. Supp. 3d at 781.

---

[4] To its opposition brief, Morgan attaches the statement given by Melanie Morgan to Lt. Ryan Fisher, the St. Landry Parish Sheriff's Office deputy who investigated the incident, as well as photographs of the Grinder showing its condition upon arrival in St. Landry Parish. [Docs. 13-1, 13-2].

[5] No party provided the Court with the contract or agreement entered into between Morgan and Defendant.

Here, the public interest factors similarly favor adjudication in Louisiana. Ohio, in fact, has no interest in this case. *See Humble Equip. Co. v. Team Eagle Ltd.*, 2018 WL 3946022, at *5 (W.D. La. Aug. 15, 2018) ("The local interest factor seeks to uphold the ideal that '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'"); *see also DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794-95 (5th Cir. 2007). Although Defendant is located in Ohio, it purchased the Grinder from New Jersey and contracted with the Florida company to have the Grinder transported from New Jersey to Louisiana. The Florida transport company then engaged a Georgia transportation company, which subcontracted the transport to another Georgia company. [Doc. 13-3]. Moreover, the Grinder was delivered to a Louisiana company in this district, and the alleged damages occurred in Louisiana.

Furthermore, Morgan is not a party to the third-party contracts at the center of the Ohio litigation and therefore has no legal interest in Defendant's ability to recover the amounts it owes to Morgan from its insurance company or its transport company. The Ohio state court litigation does not include claims for the damages allegedly caused by the conduct of Defendant or its agents or the allegedly substandard temporary grinder provided by Defendant. And the maintenance of litigation concerning the incident in two different forums will not result in conflicting judgments because the Defendant's liability to Morgan is not dependent upon or affected by its rights to recover from third parties. All of the foregoing minimizes any interest Ohio might have in this action. Finally, and importantly, maintaining this

action here avoids unnecessary conflict-of-law complications that could, potentially, arise if an Ohio state court were to apply Louisiana law to Morgan's claims while simultaneously addressing separate third-party disputes stemming from different jurisdictions.[6]

Considering the foregoing, the Court concludes that on the record before it, the Defendant has not carried its burden of showing that the balance of factors strongly favors dismissal.

## CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that the MOTION TO DISMISS FOR *FORUM NON CONVENIENS* [Doc. 8] filed by Defendant Ed's Equipment, Inc. is DENIED

THUS, DONE AND SIGNED in Chambers on this 24th day of February 2026.

*[signature]*
_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[6] Again, because the parties did not provide this Court with a copy of their contract, any choice of law issues that could arise cannot be assessed by the Court.